# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## WESTERN DIVISION
### Civil Action No.: 5:21-cv-00279

| | | |
|---|---|---|
| MARLENA KERSEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT AND** |
| | ) | **DEMAND FOR JURY TRIAL** |
| CAMPBELL SOUP SUPPLY COMPANY | ) | |
| LLC, and TWO HAWK EMPLOYMENT | ) | |
| SERVICES, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, Marlena Kersey ("Kersey" or "Plaintiff"), by and through counsel, brings this action for violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, as amended, against Campbell Soup Supply Company L.L.C., ("Campbell Soup") and Two Hawk Employment Services, LLC ("Two Hawk") (collectively "Defendants").

## NATURE OF PLAINTIFF'S CLAIMS

1.      Defendants unlawfully discriminated against Plaintiff in violation of the ADA by terminating her employment because of her disabilities without engaging in the interactive process and failing to provide reasonable accommodations that would have allowed Plaintiff to perform the essential functions of her job.

2.      Defendants unlawfully retaliated against Plaintiff in violation of the ADA by terminating her employment after Plaintiff requested reasonable accommodations. Specifically, Defendants unlawfully terminated Plaintiff instead of reassigning her to another open position in which she was qualified for and could perform the essential functions of the job with or without a reasonable accommodation.

## THE PARTIES

3.      Plaintiff is an adult individual who is a resident of Laurinburg, North Carolina.

4.      Defendant Campbell Soup is a foreign limited liability company formed under the laws of New Jersey and registered and in good standing in the State of North Carolina.

5.      Defendant Two Hawk is a domestic limited liability company formed under the laws of North Carolina.

## JURISDICTION AND VENUE

6.      This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the ADA for unlawful discrimination and retaliation.

7.      This Court has personal jurisdiction because Defendants conduct substantial business in Robeson County, North Carolina, which is located within this judicial district.

8.      Venue is proper in this judicial district because Defendants have substantial business contacts in this district and because the unlawful acts alleged herein occurred in Maxton, North Carolina, which is located within this judicial district.

## COVERAGE ALLEGATIONS

9.      At all relevant times, Plaintiff was a "qualified individual" covered by the protections of the ADA, as amended, within the meaning of 42 U.S.C. § 12111(8).

10.     At all relevant times, Defendant Campbell Soup has continuously been a New Jersey corporation doing business in the State of North Carolina and the City of Maxton, and has continuously had at least fifteen (15) employees.

11.     At all relevant times, Defendant Campbell Soup has continuously been an employer engaged in an industry affecting commerce under Section 101(5) and 101(7) of the ADA, 42 U.S.C. §§ 12111(5), (7).

2

12.     At all relevant times, Defendant Campbell Soup has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

13.     At all relevant times, Defendant Two Hawk has continuously been a North Carolina corporation doing business in the State of North Carolina and the City of Lumberton, and has continuously had at least fifteen (15) employees.

14.     At all relevant times, Defendant Two Hawk has continuously been an employer engaged in an industry affecting commerce under Section 101(5) and 101(7) of the ADA, 42 U.S.C. §§ 12111(5), (7).

15.     At all relevant times, Defendant Two Hawk has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

16.     At all relevant times, Plaintiff was an "employee" within the meaning of 42 U.S.C. §12111(4).

17.     Plaintiff satisfied her obligation to exhaust her administrative remedies by timely filing a Charge of Discrimination against Defendant Campbell Soup with the Equal Employment Opportunity Commission ("EEOC") (Charge No. 433-2020-02151), alleging discrimination based on disabilities and retaliation on or about May 7, 2020.  Plaintiff simultaneously filed a Charge of Discrimination against Defendant Two Hawk with the EEOC (Charge No. 433-2020-02152), alleging discrimination based on disabilities and retaliation on or about May 7, 2020.  The EEOC issued Notice of Suit Rights on April 1, 2021, and Plaintiff timely brings this action within ninety (90) days of her receipt thereof.

3

## PLAINTIFF'S FACTUAL ALLEGATIONS

18.     Plaintiff began her employment with Defendant Two Hawk, a staffing agency, on or about February 11, 2020.  Plaintiff held the position of Certified Nursing Assistant ("CNA"). Plaintiff was placed at Defendant Campbell Soup's plant in Maxton, North Carolina.

19.     Defendants Campbell Soup and Two Hawk are joint employers of Plaintiff.

20.     On or about February 25, 2020, Natasha Brown ("Brown"), one of Campbell Soup's Nurse Aides tasked with training Plaintiff, noticed audible symptoms of Plaintiff's disability.  Brown asked Plaintiff: "What was that noise?"  Plaintiff responded that she had a condition which caused audible symptoms.  Brown did not respond.

21.     Later the same day, and on or about February 25, 2020, Barbara Miller-White ("Miller-White") called Plaintiff and Brown into her office.  During the meeting, Miller-White asked Plaintiff "What's the issue with your throat?" Plaintiff explained that she has a rare medical condition which substantially limits one or more major life activities that also causes involuntary physical manifestations of her symptoms similar to belching.  Miller-White then stated, "these people would not put up with people like you."  Miller-White was referring to the Campbell Soup employees.  Brown then added, "you better learn to say, 'excuse me' more."

22.     The following morning, on or about February 26, 2020, Andrea Fields, one of Campbell Soup's Registered Nurses, discussed submitting a "work order" to Two Hawk requesting a list of candidates to fill a CNA position at Campbell Soup's Maxton Plant with Brown.  Later that day, Brown submitted the work order to the Two Hawk office inside of Campbell Soup's Maxton plant.

23.     On or about February 27, 2020, Two Hawk posted a help wanted advertisement on its Facebook page, seeking a CNA for Campbell Soup's Maxton plant.

24.     On March 16, 2020, Plaintiff asked Brown if she could observe Brown perform a drug test, which was a procedure that Plaintiff was expected to perform as part of her employment. Brown stood up from her desk, and without responding to Plaintiff, slammed the office door shut while Plaintiff was standing directly in front of it.

25.     Later that same day, and on or about March 16, 2020, Plaintiff asked Miller-White about the significant reduction in training opportunities and work assignments she received since the February 25, 2020 meeting between Miller-White, Brown, and Plaintiff described above in Paragraph 21. Miller-White responded, "[Brown] can't train you to do everything."

26.     On or about March 17, 2020, Miller-White informed Plaintiff that she was being moved to "3rd shift." A move to 3rd shift concerned Plaintiff because she had minimal training since the February 25, 2020 meeting described in Paragraph 21.

27.     On or about March 19, 2020, Miller-White conducted an open-door meeting with Brown and a Two Hawk representative. Miller-White discussed potential CNA hires for the Campbell Soup Maxton plant. Plaintiff overheard the conversation and went to Two Hawk's office, located inside the Campbell Soup's Maxton plant. When Plaintiff arrived, she informed Jay Humphries ("Humphries"), one of Two Hawk's Staffing Representatives, about the meeting described in Paragraph 21, and how Miller-White and Brown reacted to the symptoms of her disability. Plaintiff told Humphries that she believed the lack of training and work assignments she was receiving was due to her disability. Humphries responded that he believed it was best if he just ended Plaintiff's assignment, effectively terminating Plaintiff's employment with Two Hawk and Campbell Soup.

5

28.     Defendants terminated Plaintiff's employment because of her disability and/or because Defendants regarded Plaintiff as having a disability, as defined by the ADA, and/or in retaliation for Plaintiff complaining about disability discrimination.

29.     Plaintiff was able to perform the essential functions of her job with or without reasonable accommodation.  Defendants were on reasonable notice that Plaintiff might need a reasonable accommodation and failed to engage in the interactive process with Plaintiff to determine if an accommodation related to its policies, practices, and/or procedures was necessary. Instead, Defendants terminated Plaintiff's employment because of her disability.

30.     Defendants' actions constitute an intentional, willful, and reckless disregard for Plaintiff's rights as protected by the ADA, as amended.

31.     Plaintiff has suffered, and continues to suffer, damages as a result of Defendants' unlawful actions.

## PLAINTIFF'S FIRST CAUSE OF ACTION
### (Violations of ADA – Discrimination)

32.     Plaintiff incorporates by reference Paragraphs 1 through 31 of her Complaint.

33.     Defendants regularly employed more than fifteen employees at all relevant times.

34.     Plaintiff was disabled in that she had physical impairments that substantially limited one or more major life activities, including but not limited to her ability to work and multitask.

35.     Defendants otherwise perceived Plaintiff as disabled at the time of her termination and in the time leading up to her termination.

36.     Defendants discriminated against Plaintiff on the basis of disability in violation of the ADA by refusing to make reasonable accommodations for Plaintiff's medical condition.

6

37.     As an actual, proximate, and foreseeable result of Defendants' actions, Plaintiff suffered lost back and front pay, benefits associated with her employment, and has suffered and continues to suffer severe emotional distress, severe physical distress, anxiety, depression, embarrassment, and humiliation.

## PLAINTIFF'S SECOND CAUSE OF ACTION
### (Violations of ADA – Retaliation)

38.     Plaintiff incorporates by reference Paragraph 1 through 37 of her Complaint.

39.     Defendants unlawfully retaliated against Plaintiff in violation of the ADA by subjecting her to a hostile work environment and treating her differently than other similarly situated individuals because she requested an accommodation and otherwise sought to enforce her rights under the ADA.

40.     Defendants' actions were intentional, willful, and/or taken with reckless disregard of Plaintiff's right under the ADA.

41.     Plaintiff suffered damages as a result of Defendants' unlawful conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

a)     An Order pursuant to the ADA that Defendants reinstate Plaintiff to the position she held prior to the termination of her employment, or to a comparable position with full seniority, benefits and wages, or front pay to Plaintiff in lieu thereof;

b)     An Order pursuant to the ADA that Defendants pay Plaintiff all lost wages, benefits, compensation, and monetary loss suffered because of Defendants' unlawful actions;

c)     An Order pursuant to the ADA that Defendants pay Plaintiff compensatory damages;

d)     An Order pursuant to the ADA ordering Defendants to pay punitive damages;

7

e)     An Order awarding the costs of this action;

f)     An Order awarding reasonable attorneys' fees;

g)     A Declaration and finding by the Court that Defendants willfully violated provisions of the ADA for the unlawful discrimination and retaliation;

h)     An Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law; and

i)     An Order granting such other and further relief as may be necessary and appropriate.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury for all issues of fact.

Dated: June 30, 2021.

Respectfully submitted,

/s/ Corey M. Stanton
Philip J. Gibbons, Jr., NCSB #50276
Corey M. Stanton, NCSB #56255
**GIBBONS LAW GROUP, PLLC**
14045 Ballantyne Corporate Place, Suite 325
Charlotte, North Carolina 28277
Telephone:     (704) 612-0038
Email: phil@gibbonslg.com
        corey@gibbonslg.com

*Attorneys for Plaintiff*